Reese, J.
delivered the opinion of the court.,
Complainants are the sureties of Tipton, in his official bond' as Sheriff of Carter county. Judgments were obtained against them and their principal, on the ground of his defalcations in office, and the land of complainants was sold in satisfaction of said judgments, which the judgment creditors purchased, and which they have since redeemed according to law. Tipton conveyed to Johnson, his son-in-law, a valuable tract of land,. *67 The complainants alledge, that the conveyance was made to embarrass, hinder and delay the creditors of Tipton; and, as they apprehend that they will-be subject to further loss on the ground of their suretyship, they pray that the. conveyance from Tipton to Johnson may be set aside as fraudulent, and the land be held liable for any thing further that they may be compelled to pay as sureties for said Tipton. His Honor the Chancellor dismissed the bill of complainants on the ground, that they, not having any judgment against Tipton, were not in a situation to impeach a conveyance voidable under the statute of frauds. We have had occasion more than once, during the present term, to assert the correctness, and apply the principle of this familiar doctrine. The counsel for the complainants, admitting its correctness in general, yet insist that it does not apply to the case of sureties, who, it is said, may at any time come into a Court of Chancery upon a quiatimet principle, seeking indemnity, before they have been compelled to pay any thing. It is true, that arising from the relation of suretyship, the right does exist in the surety, for his own protection, to bring the principal and the creditor into a Court of Chancery. But that. does not touch the present question; which is, whether a surety, before loss incurred or payment made by him, has a right in a Court of Chancery to avoid, as fraudulent, a conveyance of his principal, on the ground that he fears he may become the creditor of his principal by being subject to pay. We are of opinion that the surety has no such right. But the Chancellor erred in dismissing the bill; for to the extent to which the complainant has satisfied the judgment of the creditor, he has a right to be substituted to such judgment creditor, and in that character to avoid the conveyance and subject the land to the satisfaction of his demand. It is not questioned upon the facts shown in the record, that the judgment creditor might avoid the conveyance: to the extent of his payments the surety may do the same.
Let an account be taken of the amount of said judgment, which has been satisfied by the complainant, and to that extent the land in question will be subjected to refund such amount, and also to pay the costs of this suit.